FILED

October 18, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 1:02 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **CHANEL M. BRUNEY** | ) | **Docket No: 2016-05-0652** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | **State File Number: 48649-2016** |
| | ) | |
| **AMAZON.COM** | ) | |
| **Employer,** | ) | **Judge Dale Tipps** |
| **And** | ) | |
| | ) | |
| **AMERICAN ZURICH INS. CO.** | ) | |
| **Insurance Carrier.** | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

This matter came before the undersigned workers' compensation judge on October 13, 2016, on the Request for Expedited Hearing filed by the employee, Chanel Bruney, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether Ms. Bruney is entitled to medical and temporary disability benefits for her alleged ankle injury. The central legal issue is whether Ms. Bruney is likely to establish at a hearing on the merits she suffered an injury arising primarily out of and in the course and scope of her employment. For the reasons set forth below, the Court holds Ms. Bruney is not entitled to the requested medical and temporary disability benefits at this time. [1]

## History of Claim

The following facts were established at the Expedited Hearing. Ms. Bruney worked at Amazon for a couple of weeks when, on June 10, 2016, she stepped off a ladder and felt a pop in her left ankle. A few minutes later, she squatted down and felt pain in the ankle. A former athlete, Ms. Bruney thought this was just a minor incident

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

1

and that she was adjusting to the physical requirements of her new job. When her ankle still hurt the next day, she soaked and iced it and wrapped it with a bandage. She also bought an ankle brace and new shoes and continued to go to work.

By June 18, 2016, Ms. Bruney could barely walk, and her foot was bruised and swollen. She sought treatment at Urgent Care, where she was fitted with an air cast and taken off work for a few days. She reported the problem to Human Resource Representative Cody Corbett on June 22, 2016. Amazon provided no workers' compensation benefits at that time. After Ms. Bruney sought additional treatment at the emergency department of St. Thomas Rutherford County and tried to make an appointment at Tennessee Orthopedic Alliance, Amazon provided a panel of physicians, from which Ms. Bruney selected Dr. Jeffrey Hazlewood on June 27.

Ms. Bruney saw Dr. Hazlewood on June 27 with complaints of left ankle pain. She reported feeling a pop in her ankle when she stepped off a ladder at work on June 10. Dr. Hazlewood reviewed records from Urgent Care and noted x-rays did not show a stress fracture. After examining Ms. Bruney, he diagnosed "diffuse left ankle and forefoot pain that I have difficulty explaining." He noted he did not understand how the reported event would have caused any structural injury and stated, "I cannot state with any reasonable degree of medical certainty based on the information I have at this point that the employment is greater than 50% of a cause of an injury her or need for further treatment." Dr. Hazlewood limited Ms. Bruney to seated work and referred her to Dr. James Rungee for an orthopedic evaluation. (Ex. 8.)

Amazon authorized treatment with Dr. Rungee, and he saw Ms. Bruney on July 14, 2016. He took her history, reviewed her x-rays, and performed a physical examination. Dr. Rungee felt that the ankle was stable and Ms. Bruney's symptoms were more neurogenic than mechanical. He recommended a neurologic exam, but did not feel the neurogenic symptoms were work-related. He also suggested she stop wearing the fracture boot, as he felt it was likely causing her swelling. In a subsequent note dated July 21, Dr. Rungee stated:

> Ms. Bruney was diagnosed with likely neurogenic pain syndrome. I deemed that it was not related to the 10 June 2016 because of the delay in the onset of her ecchymotic changes that she described a week later. I encouraged her to seek followup with a neurologic specialist [in] that her symptoms went up into her leg suggesting a potential radicular component.

Dr. Rungee then released Ms. Bruney to regular duty. (Ex. 9.)

Ms. Bruney subsequently sought treatment through her primary care physician and an orthopedic surgeon, Dr. James Fiechtl. Dr. Fiechtl's record of July 26 shows that, following an MRI, he diagnosed a left foot ganglion cyst. (Ex. 4.) Ms. Bruney testified

that she had surgery for this cyst on October 10.

Following Amazon's denial of her claim, Ms. Bruney filed a Petition for Benefit Determination. The parties did not resolve the disputed issues through mediation, the Mediating Specialist filed a Dispute Certification Notice, and Ms. Bruney filed a Request for Expedited Hearing.

At the Expedited Hearing, Ms. Bruney asserted she is entitled to medical treatment, including payment of her incurred medical expenses, and temporary disability benefits. She questioned the methodology and conclusions of Drs. Hazlewood and Rungee, and contended that her left ankle condition occurred as a result of the June 10, 2016 workplace incident.

Amazon countered that Ms. Bruney is not entitled to any workers' compensation benefits. It contended the authorized treating physicians opined that Ms. Bruney's condition is not work-related. As she did not present any medical testimony to the contrary, Amazon argued that she cannot meet her burden of proving the injury arose primarily out of and in the course and scope of her employment. Amazon also contended Ms. Bruney is not entitled to reimbursement for her treatment at Urgent Care because that took place before she gave Amazon notice of the injury, or for her emergency room treatment because she gave Amazon no notice of her intent to seek treatment there.

**Findings of Fact and Conclusions of Law**

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Ms. Bruney need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id*.; Tenn. Code Ann. § 50-6-239(d)(1)(2015).

To prove a compensable injury, Ms. Bruney must show that her alleged injury arose primarily out of and in the course and scope of her employment. *Id*. at § 50-6-102(14). To do so, she must show her injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. *Id*. at § 50-6-102(14)(A). Further, she must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." *Id*. at § 50-6-102(14)(C). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *Id*. at § 50-6-102(14)(D).

3

Applying these principles to the facts of this case, the Court cannot find at this time that Ms. Bruney appears likely to meet her burden of proving a compensable injury. Only two of the medical records admitted into evidence address causation. Dr. Hazlewood's opinion was somewhat inconclusive, in that he said he was unable to state Ms. Bruney's employment is a greater than 50% cause of her injury or need for treatment. Dr. Rungee was more decisive. He opined that Ms. Bruney suffered from neurogenic pain that was not related to her June 10 work incident.

The Court recognizes that Ms. Bruney disputes these conclusions, as well as the doctors' methods. She expressed great dissatisfaction with her authorized treatment, in part because Dr. Hazlewood refused to do an x-ray and Dr. Rungee refused to perform an MRI. She believes the doctors would have been able to diagnose her condition more quickly and accurately if they had been more attentive.

Ms. Bruney's dissatisfaction with her approved physicians, even though genuine, is legally insufficient to refute their conclusions. Neither Ms. Bruney nor the Court has the medical qualifications to revise the doctors' medical opinions for them. As our Appeals Board observed, "Judges are not well-suited to second guess a medical expert's treatment, recommendations, and or diagnoses absent some conflicting medical evidence or some other countervailing evidence properly admitted into the record." *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). All the Court has before it is Dr. Hazlewood's opinion that he could not relate her condition to work and Dr. Rungee's opinion that her condition is not work-related. Absent a contrary medical opinion, Ms. Bruney cannot establish that her alleged injury arose primarily out of and in the course and scope of her employment.

The Court recognizes that the actual diagnosis for which Ms. Bruney had surgery, a ganglion cyst, is not the condition Dr. Rungee diagnosed. However, there is no medical proof that the cyst arose primarily out of Ms. Bruney's work.

Therefore this Court holds, as a matter of law, Ms. Bruney has not come forward with sufficient evidence from which this Court can conclude she is likely to prevail at a hearing on the merits. Her request for medical and temporary disability benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Bruney's claim against Amazon and its workers' compensation carrier for the requested medical and temporary disability benefits is denied.

4

2. This matter is set for an Initial (Scheduling) Hearing on December 20, 2016, at 9:30 a.m.

**ENTERED this the 18th day of October, 2016.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice

5

of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Affidavit of Chanel Bruney
2. Affidavit of Brent Bruney
3. Affidavit of Gloria Harris
4. July 7, 2016 chart note of Dr. James Fiechtl
5. Amazon Health Care Provider Request for Medical Information
6. St. Thomas Rutherford Home Care Instructions
7. Care Spot records (Identification Only)
8. Records from Dr. Jeffrey Hazlewood
9. Records from Dr. James Rungee
10. Choice of Physician form
11. Wage Statement
12. First Report of Injury
13. Records from Premier Radiology
14. St. Thomas Rutherford emergency department records
15. St. Thomas Rutherford emergency department records (Identification Only)
16. Star Physical Therapy records

Technical record:[2]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

---

[2] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Benefits was sent to the following recipients by the following methods of service on this the 18th day of October, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Chanel Bruney | | | X | Chanelmarie05@yahoo.com |
| Charles Pierce | | | X | cepierce@mijs.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**